# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID A. PIERCE,

    Petitioner,

v.

            Case No. 20-CV-1300-JPS

CHERYL EPLETT,

            **ORDER**

    Respondent.

  Petitioner David Pierce ("Pierce") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1 at 7). Pierce has paid the $5.00 filing fee. (Docket #1 at 16). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

  In June 2011, Pierce was charged five counts of theft by fraud in an amount greater than $10,000, in violation of Wis. Stat. § 943.20(1)(d), and

one count of theft by a contractor in an amount greater than $10,000, in violation of Wis. Stat. §§ 943.20(1)(b) and 779.02(5) in Walworth County Circuit Court Case No. 2011CF271. On February 18, 2015, the jury found Pierce guilty of all six theft counts, and on May 21, 2015 he received a thirty-year bifurcated sentence. He is currently serving nine years' confinement under that sentence.

After his conviction, Pierce filed a notice of intent to pursue post-conviction relief on May 29, 2015, and after a number of extensions, filed the motion for post-conviction relief itself on May 25, 2017. On December 4, 2017, the trial court issued an order granting Pierce's motion with regard to DNA surcharges and the restitution amount, but denying the motion with regard to all other relief Pierce sought. (Docket #1-9 at 64). Pierce appealed the Circuit Court's denial, asking that the Wisconsin Court of Appeals vacate some or all of his convictions or order a new trial. (Docket #1-6). On February 13, 2019, the Court of Appeals affirmed the trial court's judgment and the order denying post-conviction relief. (Docket #1-2); *see also State v. Pierce*, 2017AP2420-CR, 2019 WL 624745 (Wis. Ct. App. Feb. 13, 2019). The Wisconsin Supreme Court issued an order denying Pierce's petition for review on May 17, 2019. *See* Walworth County Circuit Court Case No. 2011CF271, *available at* https://wcca.wicourts.gov.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not

Page 2 of 8
Case 2:20-cv-01300-JPS   Filed 10/22/20   Page 2 of 8   Document 4

sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. After the Court of Appeals affirmed Pierce's conviction and the trial court's denial of post-conviction relief, Pierce petitioned the Wisconsin Supreme Court for review, which subsequently was denied. In the instant habeas petition, Pierce states the Wisconsin Supreme Court denied review on May 14, 2019. (Docket #1 at 3); *see also State v. Pierce*, 928 N.W.2d 788 (Table) (Wis. 2019). The CCAP system dates the Wisconsin Supreme Court's order denying certiorari to May 17, 2019. Walworth County Circuit Court Case No. 2011CF271, *available at* https://wcca.wicourts.gov. Assuming Pierce is correct that the Wisconsin Supreme Court denied certiorari on May 14, 2019, he would have had until August 13, 2019 to file for certiorari before the U.S. Supreme Court. He did not file for certiorari, so his judgment became final on that date. Pierce filed the instant petition on August 13, 2020. Even if the limitations period is measured from the earlier date of denial of certiorari, Pierce filed his petition within the one-year period. The Court will not dismiss Pierce's petition for want of timeliness.

Next, the Court analyzes whether Pierce fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669

(7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Pierce appears to have exhausted his state court remedies. On February 13, 2019, the Wisconsin Court of Appeals issued its order affirming the convictions for six counts of theft and the trial court's denial of Pierce's motion for post-conviction relief. (Docket #1-2); *State v. Pierce*, 2019 WL 624745, at *1. Pierce did not appeal and the Wisconsin Court of Appeals did not disturb the trial court's ruling regarding the DNA surcharges and restitution amount. *State v. Pierce*, 2019 WL 624745, at *3 n.3.

In its order, the Court of Appeals did address several possible bases for vacating Pierce's conviction. First, the Court of Appeals evaluated Pierce's claim that that the State failed to present sufficient evidence to support a finding of guilt beyond a reasonable doubt on all elements of all charges. *Id.* at *3. Additionally, the Court of Appeals addressed Pierce's claim that the theft by fraud charges were multiplicitous in violation of the Double Jeopardy clauses of the U.S. and Wisconsin Constitutions. *Id.* at *6–7. Further, the court addressed Pierce's claim that his trial counsel was prejudicially ineffective on several bases: (1) by failing to object to the theft by fraud charges as multiplicitous; (2) by failing to properly rebut a witness's claim; (3) by failing to object to evidence that was inadmissible hearsay, was without foundation, was irrelevant, or was prejudicial; and (4) by himself eliciting inadmissible hearsay. *Id.* at *6–8. (Earlier in the opinion, the Court of Appeals addressed *sua sponte* the question of whether the trial court erroneously admitted that evidence. *Id.* at *5.) Finally, the Court of

Appeals addressed Pierce's claim that he was entitled to a new trial due either to the prejudicial effect of his counsel's errors or because the real controversy had not been fully tried. *Id.* at *9. These are the same issues Pierce presented in his petition for certiorari which the Wisconsin Supreme Court denied. (Docket #1-9).

In his habeas petition, Pierce adopts all facts and issues raised in his motion for post-conviction relief, subsequent appeal, and petition for certiorari as the grounds on which he petitions this Court to vacate his conviction. (Docket #1 at 7). Since the record reflects that these are the same issues that the Wisconsin Court of Appeals considered and the Supreme Court declined to review, the Court concludes that they have been fully exhausted.

The Court will now analyze whether Pierce has procedurally defaulted on any of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case. Pierce presented his federal constitutional claims to the Wisconsin trial and appeal courts, and both courts considered them. The Court will not dismiss Pierce's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Pierce's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claims, it does not plainly appear that they are frivolous. Pierce will be permitted to proceed on the following claims: (1) a challenge to the sufficiency of the evidence under the Fifth Amendment; (2) a double jeopardy challenge in violation of the Fifth Amendment; and (3) an ineffective assistance of trial counsel claim in violation of the Sixth Amendment.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in her answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of

the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

    Dated at Milwaukee, Wisconsin, this 22nd day of October, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge