# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID A. PIERCE,

    Petitioner,

    v.                                        Case No. 20-CV-1300

CHERYL EPLETT,

    Respondent.

## ORDER ON MOTION FOR RELEASE
## PENDING HABEAS CORPUS PROCEEDINGS

    David A. Pierce, who is currently incarcerated at the Oakhill Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Before me now is Pierce's motion for immediate release from custody pending decision on his petition for a writ of habeas corpus. (Docket # 26.)

    A court does have the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, a prisoner in a habeas case must meet a more demanding standard than the one under the Bail Reform Act. *Id*. As the Seventh Circuit emphasized in *Cherek*, the power to grant bail pending review of a habeas petition should be exercised sparingly. The Seventh Circuit further explained as follows:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*. Pierce argues that there is great public interest in allowing his release pending his habeas corpus petition, that he has already serve 8 years of his 9-year sentence, and that he could be released to the home of his congressional elder with conditions. In order to obtain release on bail pending a decision of his petition for a writ of habeas corpus, Pierce "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994) (internal citation omitted). Pierce also has to "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id.* (internal citations omitted). Although Pierce's petition presents a cognizable federal claim, at this juncture, it is not "readily evident" that his petition should be granted. Additionally, Pierce has not presented any circumstance that "makes [his] request for bail exceptional and deserving of special treatment in the interest of justice." At this point in the case, I cannot find that his request is exceptional and that it deserves special treatment in the interest of justice. In sum, Pierce has not met the stringent standard for release pending review of his petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that Pierce's motion for release pending the review of habeas petition (Docket # 26) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of January, 2022.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH

2

United States Magistrate Judge