UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID A. PIERCE,

    Petitioner,

    v.                                                                              Case No. 20-CV-1300

CHERYL EPLETT,

    Respondent.

---

### DECISION AND ORDER ON PETITIONER'S MOTIONS FOR RECONSIDERATION AND RESPONDENT'S MOTION FOR CLARIFCATION

---

    David A. Pierce, who is currently incarcerated at the Oakhill Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) On December 17, 2021, Pierce filed a motion for a determination of indigency and evidentiary hearing for the appointment of counsel, a forensic expert, and additional expert witnesses (Docket # 25.) Pierce also filed a motion for release pending review of his habeas petition on December 30, 2021. (Docket # 26.) These motions were denied in two separate orders dated January 7, 2021. (Docket # 27, Docket # 28.)

    Presently before me are Pierce's motions for reconsideration of the order denying his release pending habeas review (Docket # 29) and the order denying his request for the appointment of counsel, forensic expert, and independent investigator (Docket # 31), as well as the respondent's motion for clarification of the briefing schedule (Docket # 30). I will address each in turn.

1. *Reconsideration of Motion for Release Pending Habeas Review*

In denying Pierce's motion for release pending habeas review, I found that he had not met the demanding standard for release: a showing of "'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts,'" and "the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994) (internal citations omitted). Pierce now argues that the standard used to evaluate his motion for release was incorrect and should have been analyzed under Rule 23 of the Federal Rules of Appellate Procedure. (Docket # 29 at 2.) He further argues that under Rule 23, a hearing is mandated to consider his motion and allow the respondent to rebut the presumption in favor of his immediate release. (*Id.*) Finally, Pierce argues that various factors weigh in favor of his release pending review of his petition. (*Id.* at 3–4.)

Rule 23 of the Federal Rules of Appellate Procedure addresses the release or detention of a person in custody while an *appeal* of the decision granting or denying habeas relief is pending. Pierce's habeas petition has not been decided. Thus, Rule 23 is inapplicable to Pierce's request for release. Instead, it is within the court's inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, this power should be exercised "very sparingly." *Id.* As determined previously, at this stage, it is not "readily evident" that Pierce's petition should be granted. Furthermore, Pierce still has not presented any exceptional circumstance that makes his request exceptional and deserving of special treatment in the interest of justice. For these

2

reasons, his motion for reconsideration of his request for release pending habeas review is denied.

    2.    *Reconsideration of Motion for the Appointment of Counsel, Forensic Expert, and Independent Investigator*

Pierce previously requested the appointment of counsel, a forensic expert, and an investigator pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Although Pierce demonstrated that he was financially unable to obtain counsel, he failed to show that appointing counsel would serve the interests of justice. Specifically, he did not demonstrate that he attempted to obtain counsel on his own or that the difficulty of his case exceeded his ability to litigate his claims himself. Pierce argues that under the CJA, he was not required to show that the interests of justice would be served by the appointment of counsel. (Docket # 31 at 2.) He contends that because I found that he is financially unable to obtain counsel, I am required to appoint counsel on his behalf. (*Id.*)

Pierce is mistaken. The CJA expressly states that counsel may be appointed for a petitioner seeking habeas relief under 28 U.S.C. § 2254 upon a finding that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" .. 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d. 647, 654–55 (7th Cir. 2007). Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655.

3

Simply because Pierce is financially unable to obtain counsel does not mean that he is entitled to the appointment of counsel. "[D]ue process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt*, 503 F.3d at 657. Furthermore, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. Again, Pierce has not shown that he has made reasonable efforts to obtain counsel or that the difficulty of the case exceeds his capacity as a layperson to present it himself. This forecloses his request for the appointment of counsel.

Pierce also renews his argument that, given the complex facts in his case and his ineffective assistance of counsel and prosecutorial misconduct claims, the appointment of a forensic expert and independent investigator are required. (Docket # 31 at 4.) The Criminal Justice Act provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). If the court finds that the services are necessary and the person is financially unable to obtain them, the court must authorize counsel to obtain the services. *Id.* As explained previously, the scope of habeas review is narrow, and generally consists only of an analysis of the existing record and state court decision. The federal court does not review facts and issues that have not been previously presented to the state court. Thus, the appointment of a forensic expert and independent investigator is not warranted.

For these reasons, Pierce's motion for reconsideration of his request for the appointment of counsel, a forensic expert, and an independent investigator is denied.

    3.    *Motion for Clarification of Briefing Schedule*

During Pierce's filings for miscellaneous relief, the deadline to file an opening brief in support of his petition passed; no brief was filed. For this reason, the respondent has filed a motion to clarify the briefing schedule in this case. (Docket # 30.) I will grant the respondent's motion and give Pierce additional time to file his opening brief. Pierce shall have forty-five (45) days from the date of this order to file an opening brief. The respondent shall have forty-five (45) days following the filing of Pierce's brief in which to file a response. Pierce will then have thirty (30) days following the filing of the respondent's brief in which to file a reply brief, if any.

Should Pierce fail to file a brief in support of his habeas petition within forty-five days of this Order, the respondent has forty-five (45) days following the due date of Pierce's brief in which to file his brief in opposition to the habeas petition. Pierce is warned that should he fail to file a brief, the petition will be decided on the record before me. In other words, without Pierce's input.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Pierce's motion for reconsideration of his request for release pending habeas review (Docket # 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Pierce's motion for reconsideration of his request for the appointment of counsel, forensic expert, and independent investigator (Docket # 31) is **DENIED**.

**IT IS ALSO ORDERED** that the respondent's motion for clarification of the briefing schedule (Docket # 30) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 17th day of February, 2022.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge